[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10815
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-10024-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT ALLEN CHRISTIANSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 3, 2014)

Before TJOFLAT, ANDERSON and COX, Circuit Judges.

PER CURIAM:

Robert Allen Christiansen appeals his conditional guilty plea for being a

felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(e)(1).  Christiansen contends that the district court erred by denying his motion to suppress the firearm found on his person during an investigatory stop and safety frisk.  He contends that the deputy lacked reasonable suspicion of criminal activity when initiating the investigatory stop.  We affirm.

We review a district court's denial of a motion to suppress under a mixed standard of review, reviewing factual findings for clear error, and the application of the law to the facts law de novo.  *United States v. Jordan*, 635 F.3d 1181, 1185 (11th Cir. 2011).  We construe facts in the light most favorable to the party prevailing below, and we grant substantial deference to the district court's explicit and implicit credibility determinations.  *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012).  We review de novo a district court's determination of reasonable suspicion or probable cause.  *Ornelas v. United States*, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663 (1996).

Christiansen contends that reasonable suspicion of a traffic violation cannot provide a basis for an investigatory stop.  However, an officer may conduct a brief, warrantless investigatory stop when he has reasonable suspicion that a traffic offense has occurred.  *United States v. Spoerke*, 568 F.3d 1236, 1248 (11th Cir. 2009).  Reasonable suspicion is met when an officer has a particularized and objective basis to suspect a person of criminal activity.  *Ornelas*, 517 U.S. at 695–96, 116 S. Ct. at 1661.  We examine the totality of the circumstances to determine

2

whether the officer had reasonable suspicion, and we give due weight to the officer's experience. *United States v. Briggman*, 931 F.2d 705, 709 (11th Cir. 1991).

During an investigatory stop, an officer may frisk a detained person for weapons if he reasonably believes that the person threatens the officer's safety or the safety of others. *United States v. Griffin*, 696 F.3d 1354, 1359 (11th Cir. 2012). We grant great deference to the officer's judgment about safety concerns. *Id.* at 1360. An officer's belief of a threat to his safety may be supported if he is alone during the stop, if the detained person is evasive, or if the detained person refuses to follow the officer's instructions. *Id.* at 1359.

In this case, the deputy witnessed Christiansen enter the highway to flag down a vehicle and make a hand signal commonly used by hitchhikers. Thus, the deputy had probable cause to believe Christiansen was hitchhiking—a traffic violation in Florida. After detaining Christiansen for the investigative stop, the deputy learned that he had previously been convicted of armed robbery and was carrying a knife in his right pocket. Despite the officer's admonition to keep his hands visible, Christiansen hid his right hand and turned so the officer could not see the right side of his body (where the knife was held). From these events, the deputy could reasonably believe he was in danger and needed to frisk Christiansen for safety. Accordingly, neither the deputy's investigative stop nor safety frisk

3

violated the Fourth Amendment.    The district court did not err in denying Christiansen's motion to suppress.

**AFFIRMED.**